IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | 12-CR-0063-PMP-RJJ |
|---|---|
| Plaintiff, | |
| vs. | **ORDER FOR REVISED COMPLEX CASE SCHEDULE PURSUANT TO LCR 16-1(a)** |
| ROSS HACK, MELISSA HACK, AND LELAND JONES, | |
| Defendants. | |

3. The Indictment in this case was returned by a federal Grand Jury seated in Las Vegas, Nevada, on February 28, 2012. (Docket # 1).

4. Defendants Melissa Hack and Leland Jones were arraigned and entered pleas of Not Guilty on February 29, 2012. (Docket # 5). Defendant Ross Hack appeared for his arraignment and plea hearing March 14, 2012, and enter his plea of Not Guilty. (Docket # 19).

3. The case presents complex and novel issues of fact and law in that the Indictment charges the defendants with causing the deaths of Lin Shersty and Daniel Newborn on federal land, through the use of a firearm, during and in relation to first degree murder, in violation Title 18, United States Code, Sections 1111, 924(c) and (j). (Docket # 1).

4. 18 U.S.C. § 924(j) is a death penalty eligible offense. See 18 U.S.C. § 3591.[3] Defendants Ross Hack and Melissa Hack are charged with a death penalty eligible offense, so the government must comply with the Department of Justice's "death penalty protocol."[4] See United States Attorneys' Manual, § 9-10.000 et seq. Leland Jones is not subject to a penalty of death

---

[3] Defendants are entitled to a second counsel "learned in the law applicable to capital cases " as provided by 18 U.S.C. § 3005.

[4] The death penalty protocol applies in all federal cases in which a defendant is charged with an offense subject to the death penalty, regardless of whether the United States Attorney intends to request authorization to seek the death penalty.

7

because he was a juvenile (17 years old) at the time of the alleged murders. See Roper v. Simmons, 543 U.S. 551 (2005) (holding that the Eighth and Fourteenth Amendments forbid imposition of death penalty on offenders who were under age of 18 when their crimes were committed). The death penalty protocol includes a recommendation by the United States Attorney and by the Assistant Attorney General on whether or not to seek the death penalty. Defense counsel has the opportunity to present facts, including mitigating factors, to the United States Attorney for consideration. A Department of Justice review committee then reviews the United States Attorney's recommendation and provides defense counsel the opportunity to present mitigating evidence. The review committee then makes its own recommendation to the Attorney General who makes the final decision about whether the death penalty will be sought by the government.

5. Counsel for defendants Ross Hack and Melissa Hack need additional time to prepare for their presentation to the United States Attorney and to the Assistant Attorney General.

6. The time needed to complete the Department of Justice's "death penalty protocol" is properly excluded under the Speedy Trial Act. See United States v. Murillo, 288 F.3d 1126 (9th Cir. 2002) (holding that the Department of Justice's death penalty protocol is a "valid reason to grant an ends of justice continuance" under 18 U.S.C. § 3161 (h)(8)(A)); United States v. Mathis, 96 F.3d 1577, 1581 (11th Cir. 1996) (same).

Based on the above facts and foregoing motion, IT IS THEREFORE ORDERED:

1. The Trial Date(s):

Trial is set on Tuesday, May 6, 2014.

2. The Discovery Motions Schedule To Resolve Any Discovery Disputes.

The parties shall make good faith efforts to meet and confer with each other to resolve informally any dispute over the scope, manner and method of disclosures before seeking relief from the Court. A breach of the duty to meet and confer, by either party, may serve as a basis to grant or deny any subsequent motion for appropriate relief made before the Court. If the parties are unable to agree or resolve disputes after good faith efforts to do so, the parties propose the following discovery pretrial motions schedule:

a. Preauthorization Motions, that is, all motions related to the Death Penalty

|   |    |                                                                                  |
|---|----|----------------------------------------------------------------------------------|
| 1 |    | Protocol, shall be filed on or by January 14, 2013.                              |
| 2 | b. | Responses to Preauthorization Motions shall be filed on or by February 11, 2013. |
| 3 | c. | Replies to Preauthorization Responses shall be filed on or by February 25, 2013. |
| 4 | d. | Defendants shall submit to the United States Attorney and to the Assistant Attorney General their Memoranda relative to Preauthorization on or by June 3, 2013. |
| 5 | e. | The United States Attorney and the Assistant Attorney General shall meet with counsel for defendants regarding Preauthorization on or by August 16, 2013. |
| 6 | f. | The United States Attorney and the Assistant Attorney General shall submit their recommendations concerning death penalty eligibility to the United States Department of Justice on or by September 6, 2013. The government will file a notice of it intention regarding the death penalty by December 31, 2013. |
| 7 | g. | Pretrial Motions, that is, all motions related to Trial in this case, including notices of any defenses under Rules 12.1, and 12.2 of the Federal Rules of Criminal Procedure, shall be filed on or before January 10, 2013. Disclosure of expert witnesses that the parties intend on calling in their respective cases in chief shall also be due on this date of January 10, 2013. |
| 8 | h. | Responses to Pretrial Motions to be filed on or before February 3, 2014; and     |
| 9 | i. | Replies to Pretrial Motions to be filed on or before February 17, 2014.          |

4. The Second Discovery Phase

NO LATER THAN 30 DAYS BEFORE TRIAL:

Defendants will comply with his obligation to provide reciprocal discovery and provide all documents, objects and reports of examination required under Federal Rule of Criminal Procedure 16(b)(1)(A) and (B).

5. The Third Discovery Phase

NO LATER THAN 14 DAYS BEFORE TRIAL:

a. the parties will disclose any summaries, charts or calculations that will be offered in their respective case-in-chief at trial;

b. the parties will identify recordings, transcripts of recordings, or portions thereof, that will be offered in their respective case-in-chief at trial.

c. the government will provide any evidence of similar acts, as provided by Fed. R. Crim. P. 404(b), that it intends on introducing at trial.

d. the government will provide to defendant the statements of each witness that the government intends on calling in its case-in-chief, including any impeachment (Giglio) information, unless the government files a motion for a protective order.

6. Supplemental Motions.

Any supplemental motion can be filed upon a showing of good cause as determined by the Court. These motions shall be based on issued unforseen to the parties at the time this agreement was filed.

Dated this the 18th day of December, 2012.

_____
The Honorable Philip M. Pro